UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SERGEANT HICKS, et al.,<br><br>　　　　Defendants | Case No. 1:11 cv 02162 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the R.J. Donovan Correctional Facility in San Diego, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison in Delano. The events that give rise to this lawsuit occurred while Plaintiff was housed at Kern Valley. Plaintiff names the following individual defendants: Sergeant Hicks; Sgt. Serrano; Correctional Officer (C/O) Rodriguez; C/O Rodriguez; C/O Perez; C/O Palombo;

C/O Faraiz.[1]  Plaintiff claims that Defendants were deliberately indifferent to his safety by placing him in a cell with a violent inmate, resulting in injury to Plaintiff.

On March 14, 2011, Plaintiff was placed in Administrative Segregation (AdSeg) for safety concerns.  On March 22, 2011, Plaintiff appeared before the Inmate Classification Committee (ICC).  The ICC placed Plaintiff on double cell status "with like concerns."  Shortly after, Plaintiff was approached by C/O Rodriguez 1 and C/O Rodriguez 2, and directed to take a cellmate.  Plaintiff refused.  They threatened loss of property or privileges if Plaintiff refused.  Plaintiff alleges that he then approached inmate Lambert.  Plaintiff alleges that "when asked by he was back in Ad-Seg he stated that it was for assault on staff."  Plaintiff continued to refuse Lambert as a cellmate,"due to it not being with someone of like concerns e.g. safety issues both aforementioned."

Sgt. Hicks told Plaintiff that if he did not accept Lambert, his property would get "lost" in retaliation.  Plaintiff told Sgt. Hicks that "I could not house with him being he was violent and previously been in cell fights with other inmates and altercations with staff."  Sgt. Hicks told Plaintiff that he "didn't care" about his safety concerns and that he was moving.

Plaintiff was attacked by inmate Lambert on April 12, 2011.  As a result of this attack, Plaintiff "lost the tip of my fifth digit, half and partial use of my index finger, damage to the ring and middle finger being bitten on my left hand along with major cuts, bites, and trauma to the head caused by inmate Lambert."  Although Plaintiff alleges that he was immediately attacked, he does not allege how long he was housed with Lambert.

///

---

[1] In his complaint, Plaintiff refers to C/O Rodriguez 1 and C/O Rodriguez 2.

A. **Eighth Amendment**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the named defendants knew of a specific harm to Plaintiff and disregarded that harm. Plaintiff concludes that defendants are liable because the ICC ordered him to be housed with an inmate of "like concerns," and inmate Lambert was not such an inmate. That Lambert was not, in Plaintiff's view, of "like concerns," is not enough, of itself, to indicate that Plaintiff faced a specific harm. Plaintiff alleges that Lambert was in AdSeg for assault on staff, and had assaulted other inmates, but he fails to allege any facts indicating that he presented a particular harm to Plaintiff. Plaintiff does not indicate what, if any, specific information Defendants were aware of that indicated that Lambert was a particular threat to Plaintiff. The Ninth Circuit recently held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison official must be aware of a specific risk to an

4

inmate. Labatad v. Corrections Corp. of America, ___F.3d__ (9th Cir. May 1, 2013) 2013 WL 1811273. The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that Defendants knew from which they could draw an inference that Lambert posed a specific threat to Plaintiff. Plaintiff has not alleged that Lambert was a documented enemy of Plaintiff's, or that there was some particular information that Defendants knew of and disregarded, other than Plaintiff's statement that Lambert was not of " like concerns."

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized allegations regarding Defendants' failure to protect him, and names six individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under

5

color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 6, 2013**          /s/
**Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE